IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| MARIO ALMANZA, JESUS CASTANEDA, ) <br> FERNANDO SENDANO GONZALEZ, ) <br> HUMBERTO N. SEVERIANO ) <br> LEOPOLDO NICOLAS SEVERIANO ) <br> JOSE ANTONIO ORIHUELA OCHOA ) <br> PRISCILIANO SANTIAGO LOPEZ ) <br> ZEFERINO CASTRO C ) <br> DIEGO BAILON, ZAHIR RODAS ) <br> ARTURO ALMANZA, ISMAEL SEVERIANO ) <br> CESAR PERES (VALLDES-CEDILLO) ) <br> ROLANDO MENDOZA, RAFAEL CHIQUILLO ) <br> CESAR GALEANA B., ) <br> JOSE MARIA PADILLA BOYSO ) <br> JOSE BAUTISTA, JUAN BAUTISTA, ) <br> EUSEBIO ESTRADE TREJO, ) <br> ALEJANDRO SALAZAR SORIA, AND ) <br> SERGIO A. GOMEZ ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BAIRD TREE COMPANY, INC ) <br> BOBBY D. BAIRD ) <br> ) <br>     Defendant. ) | No. 3:10-cv-311 |

## AMENDED COMPLAINT

Comes the Plaintiffs, by and through counsel, and state as follows:

### Parties

1. Plaintiff, Mario Almanza, is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

2. Plaintiff, Jesus Castaneda, is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

3. Plaintiff, Fernando Sendano Gonzalez is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

4. Plaintiff, Humberto N. Severiano is a resident of the State of Tennessee who resides in Loudon, Tennessee;

5. Plaintiff, Leopoldo Nicolas Severiano is a resident of the State of Tennessee who resides in Loudon, Tennessee;

6. Plaintiff, Jose Antonio Orihuela Ochoa is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

7. Plaintiff, Prisciliano Santiago Lopez is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

8. Zeferino Castro is a resident of the State of Tennessee who resides in Lenoir City, Tennessee;

9. Diego Bailon is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

10. Zahir Rodas is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

11. Arturo Almanza is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

12. Ismael Severiano is a resident of the State of Tennessee who resides in Loudon, Tennessee;

13. Cesar Peres (Valldes-Cedillo) is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

14. Rolando Mendoza is a resident of the State of Tennessee who resides in

Solway, Tennessee;

15. Rafael Chiquillo is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

16. Cesar Galeana B. is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

17. Jose Maria Padilla Boyso is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

18. Jose Bautista is a resident of the State of Tennessee who resides in Byrdstown, Tennessee;

19. Juan Bautista is a resident of the State of Tennessee who resides in Byrdstown, Tennessee;

20. Eusebio Estrade Trejo is a resident of the State of Tennessee who resides in Crossville, Tennessee;

21. Alejandro Salazar Soria is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

22. Sergio A. Gomez is a resident of the State of Tennessee who resides in Knoxville, Tennessee;

23. Defendant Baird Tree Company, Inc. is a Tennessee Corporation employing the Plaintiffs. Baird Tree Company, Inc. may be served with process through its registered agent Bobby D. Baird, 643 Luther Seiber Blvd. Caryville, Tennessee 37714.

24. Defendant Bobby D. Baird is a resident of Campbell County, Tennessee and may be served with process at 643 Luther Seiber Blvd. Caryville, Tennessee 37714. Defendant Bobby D. Baird ("Baird") is the chief corporate officer of Defendant Baird Tree

Company with exclusive authority as to whether the provisions of the Fair Labor Standards Act are complied with by the corporation. All of the acts herein were accomplished at the direction of Defendant Baird, including the non payment of overtime, and retaliation against the Plaintiffs. Accordingly Defendant Baird is an employer under the act, and therefore liable individually.

### Jurisdiction and Venue

25. Plaintiffs sue Defendants for violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. This Court has jurisdiction of this action presenting a federal question pursuant to 28 U.S.C. §1331.

26. Venue is proper in the Northern Division of the United States District Court for the Eastern District of Tennessee, at Knoxville, pursuant to 28 U.S.C. §1391 (b) in that this is the district and division in which the Defendants are located and in which the offense upon which the Amended Complaint is based occurred.

### Nature of the Complaint

27. The Plaintiffs are employed by Defendants as laborers. Plaintiffs are non-exempt employees as defined by the Fair Labor Standards Act, and entitled to overtime compensation as prescribed by the Act.

28. Defendants failed and refused to compensate any of the Plaintiffs for the time each of them has spent working for the Defendants in addition to Plaintiffs' regularly scheduled work hours. Plaintiff sues Defendants under the Fair Labor Standards Act for compensation for all hours worked for the company in excess of their regularly scheduled forty (40) hour work week.

29. In addition, Plaintiffs seek liquidated damages for Defendants' knowing and willful violation of the Fair Labor Standards Act.

## Factual Allegations

30. The Plaintiffs are all laborers working for Defendants The dates of the each Plaintiffs' start date with the Defendants vary but the terms and conditions of their employment are the same. That is that Plaintiffs are all laborers in Defendants' tree business, are paid an hourly wage, and are scheduled to work forty (40) hours per week pursuant to a five (5) day work week. Yet, the Plaintiffs have routinely been asked and have worked numerous hours in addition to the regularly scheduled work week including many Saturdays and Sundays.

31. Defendants did not appropriately compensate any of the Plaintiffs for any time spent working in Defendants' business in addition to their regularly scheduled work hours. At multiple times, Plaintiffs have requested Defendants compensate them for the time in which they performed duties and worked for the Defendants in addition to their regularly scheduled work hours. Yet, the Defendants have refused and failed to appropriately pay any of the Plaintiffs overtime compensation as required by the Fair Labor Standards Act.

32. Moreover, upon being served with a copy of the Original Complaint, Defendants, at the sole direction of Defendant Baird, fired all Plaintiffs in blatant violation of 29 U.S.C. §215 (a)(3).

## Violation of The Fair Labor Standards Act

33. Plaintiffs incorporate here and by reference the allegations of Paragraphs 1 through 38 of the Complaint.

34. The failure of Defendants to compensate Plaintiffs appropriately for the hours worked performing duties for the Defendants and furtherance of Defendants' business in addition to their regularly scheduled work hours, violated Fair Labor Standards Act, 29 U.S.C §206 and §207.

35. The failure and refusal of Defendants, Inc. to compensate Plaintiffs was a willful violation of the Fair Labor Standards Act, 29 U.S.C §206 and §207.

36. Defendants are liable to Plaintiffs for wages and overtime compensation for all hours worked by the Plaintiffs in the furtherance of Defendant's business in addition to their regularly scheduled work hours.

37. Pursuant to 29 U.S.C. §216, in addition to wages and overtime compensation, Plaintiffs are entitled to liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation owed to them by Defendants.

38. Plaintiffs are further entitled to be restored to their position as a result of Defendants' violation of 29 U.S.C §215 or be awarded front pay and benefits.

WHEREFORE, Plaintiffs, Mario Almanza, Jesus Castaneda, Fornando Sendano Gonzalez, Humberto N. Severiano, Leopoldo Nicolas Severiano, Jose Antonio Orihuela Ochoa, Prisciliano Santiago Lopez, Zeferino Castro C, Diego Bailon, Zahir Rodas, Arturo Almanza, Ismael Severiano, Cesar Peres (Valldes-Cedillo), Rolando Mendoza, Rafael Chiquello, Cesar Galeana B., Jose Maria Padilla Boyso, Jose Bautista, Juan Bautista, Eusebio Estrade Trejo, Alejandro Salazar Soria and Sergio A. Gomez  pray;

1. That process issued be served upon Defendants;

2. That Plaintiffs recover from Defendants the unpaid wages and overtime compensation to which they are entitled an amount to be proven at the trial of this cause;

3. That Plaintiffs recover liquidated damages from Defendants. pursuant to 29

U.S.C. § 216 in an amount to be proven at the trial of this cause;

4. That they be restored to employment with Defendants, or awarded front pay.

5. That Plaintiffs recover their reasonable attorney fees, expenses and costs from Defendants;

6. That all costs of this action be assessed against Baird Tree Company, Inc. ;

7. For such other and further relief as the Court deems appropriate.

Respectfully submitted this 26th day of July, 2010.

*s/* Arthur F. Knight, III
Arthur F. Knight, III, BPR No. 016178
TAYLOR, FLEISHMAN & KNIGHT, G.P.
800 South Gay Street Suite 600
Knoxville, TN 37929
(865) 971-1701
alamance@tfktnlaw.com
*Attorney for Plaintiff*


*s/* Patrick L. Looper
Patrick L. Looper, BPR No. 020857
First Tennessee Plaza
800 South Gay Street,
Suite 2000
Knoxville, TN 37929
865-684-4107
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2010, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Arthur F. Knight, III
Arthur F. Knight, III