IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| MARIO ALMANZA, JESUS CASTANEDA, FERNANDO SENDANO GONZALEZ, HUMBERTO N. SEVERIANO LEOPOLDO NICOLAS SEVERIANO JOSE ANTONIO ORIHUELA OCHOA PRISCILIANO SANTIAGO LOPEZ ZEFERINO CASTRO C DIEGO BAILON, ZAHIR RODAS ARTURO ALMANZA, ISMAEL SEVERIANO CESAR PERES (VALLDES-CEDILLO) ROLANDO MENDOZA, RAFAEL CHIQUILLO CESAR GALEANA B., JOSE MARIA PADILLA BOYSO JOSE BAUTISTA, JUAN BAUTISTA, EUSEBIO ESTRADE TREJO, ALEJANDRO SALAZAR SORIA, AND SERGIO A. GOMEZ  Plaintiffs, vs. BAIRD TREE COMPANY, INC  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:10-cv-311 |

## MEMORANDUM OF FACTS AND LAW
## IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

On July 19, 2010 Plaintiffs filed their original Complaint to simply seeking to address compensation issues under the Fair Labor Standards Act, 29 U.S.C. §206 and §207. Defendant Bobby D. Baird was appropriately served with process as the corporation's registered agent on July 23, 2010. Immediately after being served, Defendants terminated Plaintiffs from employment, and told Plaintiffs that they would be allowed to return only after this matter had been "settled." As a result, Plaintiff's amended

their Complaint, and have filed the instant application. It is respectfully submitted that the Plaintiffs have a substantial likelihood of success on the merits of their action, particularly the retaliation claim set forth in the Amended Complaint, and will suffer irreparable injury if not restored to their respective positions.

Federal Rule of Civil Procedure 65 establishes procedural requirements for obtaining a preliminary injunction. Generally, deciding whether to grant an injunction weighs some or all of the following factors: (1) whether the potential harm to the person seeking injunctive relief is irreparable, See E.G. Rodriguez v. DeBuono, 175 F 3d 227, 235 (2nd Cir. 1999), (2) whether such harm could be cured through an award of money damages instead of an injunction, Lakeview Technology, Inc. V. Robinson 446 F 3d 655 (7th Cir.2006), (3) whether the person against whom an injunction would be harmed excessively by the injunction, (4) whether the granting or denial or injunction would effect interests of third persons, and (5) whether the person seeking such relief is likely to prevail on the merits when the case goes to trial. Prairie Band of Potawatimi Indians v. Pierce 253 F3d 1234 (10th Cir 2001) The purpose of a preliminary injunction is usually to maintain the status quo until the merits of case can be decided. See Resolution Trust Corp. v. Cruce, 972 F 2d 1195, 1198 (10th Cir. 1992)

29 U.S.C. §215 is specific and reads in pertinent part as follows:

> (a) After the expiration of 120 days from June 25, 1938, it shall be unlawful for any person –
> \*\*\*\*\*
> (3) to discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

29 U.S.C. §215 (a) (3)

By terminating Plaintiffs upon receipt of the original complaint in this cause, Defendants blatantly violated the express provisions of a clearly worded 72 year old statute.

The mass filing of Plaintiffs' original Complaint is clearly the type of conduct the anti-retaliation provision of the Fair Labor Standards Act is designed to guard against. See Reich v. Davis 50 F3d 962 (11th Cir. 1995) It is difficult to imagine a better case of temporal proximity for the Plaintiffs in establishing their retaliation claims. That is that when Defendants were served with the original Complaint, Plaintiffs were immediately fired. Not only that, they were "told" that they could come back when the matters contained in the original Complaint, namely their overtime, were "settled."

Most published decisions construing the anti-retaliation statute address informal complaints or even the protection of non employees. Dunlap v. Carriage Carpet Co., 548 F2d 139 (6th Cir. 1977); Conner v. Schnuck Markets, Inc. 121 F3d 1390 (10th Cir. 1997) It is, therefore, one hopes, the rare occasion when employees are fired for formally asserting their rights as the Plaintiff have done in this case.

Plaintiffs, of course, will gladly pursue their retaliation claims to trial. Yet, it seems that, especially in this case, injunctive relief is appropriate and available to avoid further detriment to both parties. Mullins v. City of New York, 634 F2d 373 (S.D. N.Y. 2009); Allen v. Suntrust Banks, Inc. (N.D. GA 2008)

Certainly, Defendants conduct toward Plaintiffs is designed at least to "chill" the exercise of Plaintiffs' right to redress their claims under the Fair Labor Standards Act, 29 U.S.C. 101 et seq. Accordingly, Plaintiffs request the court enter their prayer for injunctive relief restoring them to their positions, and if necessary, hold a hearing on this matter to hear Plaintiffs' evidence in support of their Motion for Preliminary Injunction.

## Conclusion

For each and all of the foregoing reasons, Plaintiffs respectfully request that their Motion for Preliminary Injunction be granted, or in the alternative, a hearing be held to determine the merits of Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted this 26th day of July, 2010.

        *s/* Arthur F. Knight, III
        Arthur F. Knight, III, BPR No. 016178
        TAYLOR, FLEISHMAN & KNIGHT, G.P.
        800 South Gay Street Suite 600
        Knoxville, TN 37929
        (865) 971-1701
        alamance@tfktnlaw.com
        *Attorney for Plaintiff*

        *s/* Patrick L. Looper
        Patrick L. Looper, BPR No. 020857
        First Tennessee Plaza
        800 South Gay Street,
        Suite 2000
        Knoxville, TN 37929
        865-684-4107
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2010, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

        s/Arthur F. Knight, III
        Arthur F. Knight, III