## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| MARIO ALMANZA, JESUS CASTANEDA, | ) | |
| FERNANDO SENDANO GONZALEZ, | ) | |
| HUMBERTO N. SEVERIANO | ) | |
| LEOPOLDO NICOLAS SEVERIANO | ) | |
| JOSE ANTONIO ORIHUELA OCHOA | ) | |
| PRISCILIANO SANTIAGO LOPEZ | ) | |
| ZEFERINO CASTRO C | ) | |
| DIEGO BAILON, ZAHIR RODAS | ) | |
| ARTURO ALMANZA, ISMAEL SEVERIANO | ) | |
| CESAR PERES (VALLDES-CEDILLO | ) | |
| ROLANDO MENDOZA, RAFAEL CHIQUILLO | ) | |
| CESAR GALEANA B., | ) | No. 3:10-cv-311 |
| JOSE MARIA PADILLA BOYSO | ) | |
| JOSE BAUTISTA, JUAN BAUTISTA, | ) | |
| EUSEBIO ESTRADE TREJO, | ) | |
| ALEJANDRO SALAZAR SORIA,  and | ) | |
| SERGIO A. GOMEZ | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BAIRD TREE COMPANY, INC | ) | |
| BOBBY D. BAIRD | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF FACTS AND LAW IN SUPPORT OF SECOND
## MOTION FOR PRELIMINARY INJUNCTION

On July 19, 2010 the Plaintiff's filed this action in United States District Court to address compensation issues under the Fair Labor and Standards Act, 29 U.S.C. §206 and §207.  Immediately after being served, Defendants terminated the Plaintiffs from employment, and told the Plaintiffs they would be allowed to return to work after this matter was "settled."  As a result, the Plaintiffs amended their complaint and filed their

1

first Motion for Preliminary Injunction on July 26, 2010. Plaintiffs followed that filing with a Motion to Set Hearing of the pending Motion for Preliminary Injunction on July 27, 2010. On July 29, 2010, this Honorable Court granted Plaintiffs Motion to Set Hearing and scheduled the hearing on the Motion for Preliminary Injunction on August 4, 2010. Prior to the hearing, the Defendant reinstated the employment of the Plaintiffs and as a result a Motion Withdrawing the Motion for Preliminary Injunction was filed on August 2, 2010 and the Court granted the Plaintiff's Motion to Withdraw the Motion for Preliminary Injunction on the same day.

Since the time of the original Motion for Preliminary Injunction, many of the Plaintiffs have continued to be harassed by the Defendants during their employment as a result of filing the instant case. Plaintiff Prisciliano Santiago Lopez had his work location changed by the Defendants causing a hardship for his continued employment bringing about a constructive termination of his employment. [See attached affidavit of Prisciliano Santiago Lopez] On December 1, 2010, the Defendant Bobby Baird called a meeting with four of the Plaintiffs involved in this lawsuit and proposed a ultimatum to effect the entirety of the Plaintiffs in this case. Mr. Baird stated to these four Plaintiffs that he would pay each Plaintiff five thousand dollars to drop the case, and the Plaintiffs would return to working a sixty hour week which would include paid overtime. If they would not accept this offer, they would continue to work less than forty hours a week, they would continue to work at locations that would be farther away from their original job sites and they would not have the use of company vehicles that they have had in the past. The Defendant essentially threatened to continue to harass the Plaintiffs until they would agree to the terms of his settlement proposal. [See attached Affidavits of Mario

2

Almanza, Jose Maria Padilla Boyso, Arturo Almanza, and Eusebio Estrada Trejo]   The Plaintiffs refused the offer of the Defendant and contacted their attorneys which precipitated the current motion.

The Plaintiffs would respectfully contend that there is substantial likelihood for success on the merits of this case particularly as it relates to the previous retaliation claims in this case and on the new retaliation and harassment perpetuated by the Defendant and they will suffer irreparable harm if Mr. Santiago Lopez is not returned to his former position and the other Plaintiffs are not permitted to work forty hours a week and allowed work at their previous work locations.  Further, Mr. Mario Almanza  has been demoted from his supervisory position to a laborer position by the Defendant who admitted to Mr. Almanza that the harassment would continue until the lawsuit was "dropped."

Federal Rule of Civil Procedure 65 establishes procedural requirements for obtaining a preliminary injunction. Generally, deciding whether to grant an injunction weighs some or all of the following factors: (1) whether the potential harm to the person seeking injunctive relief is irreparable, See E.G. Rodriguez v. DeBuono, 175 F 3d 227, 235 (2 nd Cir. 1999), (2) whether such harm could be cured through an award of money damages instead of an injunction, Lakeview Technology, Inc. V. Robinson 446 F 3d 655 (7th Cir.2006), (3) whether the person against whom an injunction would be harmed excessively by the injunction, (4) whether the granting or denial or injunction would effect interests of third persons, and (5) whether the person seeking such relief is likely to prevail on the merits when the case goes to trial. Prairie Band of Potawatimi Indians v. Pierce 253 F3d 1234 (10th Cir 2001) The purpose of a preliminary injunction is usually

to maintain the status quo until the merits of case can be decided. See Resolution Trust

Corp. v. Cruce, 972 F 2d 1195, 1198 (10th Cir. 1992)

29 U.S.C. §215 is specific and reads in pertinent part as follows:

(a) After the expiration of 120 days from June 25, 1938, it shall
be unlawful for any person –

*****

(3) to discharge or in any other manner discriminate against an
employee because such employee has filed any complaint or
instituted or caused to be instituted any proceeding under or
related to this chapter, or has testified or is about to testify in
any such proceeding, or has served or is about to serve on an
industry committee;

29 U.S.C. §215 (a) (3)

In consideration of Defendants continued actions, the Plaintiff would respectfully

submit that the Defendants are attempting engage in the same conduct that they

previously engaged in upon the filing of the initial Motion for Preliminary Injunction, with

a new approach to the same harassment.  However, this approach is still a violation of

the statute despite the fact that they are directly harassing and discriminating against a

select few of the employees with the general effect of retaliation against the entire group

of Plaintiffs.

## Conclusion

For each and all of the foregoing reasons, Plaintiffs respectfully request that their

Motion for Preliminary Injunction be granted, or in the alternative, a hearing be held to

determine the merits of Plaintiffs' Motion for Preliminary Injunction.

4

Respectfully submitted this 6th day of December, 2010

*s/* Arthur F. Knight, III
Arthur F. Knight, III, BPR No. 016178
TAYLOR, FLEISHMAN & KNIGHT, G.P.
800 South Gay Street Suite 600
Knoxville, TN 37929
(865) 971-1701
alamance@tfktnlaw.com
*Attorney for Plaintiff*

*s/* Patrick L. Looper
Patrick L. Looper, BPR No. 020857
First Tennessee Plaza
800 South Gay Street,
Suite 2000
Knoxville, TN 37929
865-684-4107
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2010, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Arthur F. Knight, III
Arthur F. Knight, III

5