**IN THE UNITED STATED DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **MARIO ALMANZA**, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **No. 3:10-cv-311** |
| | ) | **Jordan/Guyton** |
| **BAIRD TREE COMPANY, INC.,** | ) | |
| **BOBBY D. BAIRD and** | ) | |
| **HR SOLUTIONS OF AMERICA, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS / MOTION TO STRIKE COUNTERCLAIM

Comes now Cross-Plaintiff/Counter-Defendant HR Solutions of America, LLC ("HR Solutions"), by and through counsel, and submits this Memorandum of Law in support of its Motion to Dismiss / Motion to Strike the Counterclaim Against Cross-Plaintiff HR Solutions of America, LLC and Counterclaim to Cross-Claim ([Document 74]; hereafter, the "Counterclaim") filed against it by Cross-Defendants/Cross-Plaintiffs Baird Tree Company, Inc. and Bobby D. Baird (collectively, "Baird").

As explained in detail herein, the Court should dismiss and/or strike the claims set forth in the Counterclaim for breach of contract; intentional and/or negligent misrepresentation; violation of the Tennessee Consumer Protection Act; and for declaratory relief as to the enforceability of the personal guaranty signed by Bobby D. Baird. Additionally, the Court should strike Baird's jury demand, as the Professional Employer Organization Agreement (the "PEO Agreement"), upon which Baird bases its breach of contract claims, contains an unambiguous and enforceable jury waiver. Finally, the Court should strike all allegations in the Counterclaim that are based upon parol evidence contradicting the terms of the PEO Agreement.

On July 19, 2010, Plaintiffs filed their Complaint [Document 1] alleging violations of the Fair Labor Standards Act (FLSA) and naming Baird Tree Company, Inc. as Defendant. The Complaint alleges that Baird Tree Company employs the Plaintiffs. See Compl. ¶ 22.

On July 26, 2010, Plaintiffs filed their Amended Complaint [Document 3] adding Bobby D. Baird as co-Defendant. On September 14, 2010, the Baird Defendants filed a Motion to Dismiss and/or in the Alternative Motion to Compel Joinder of Necessary Party [Document 13], averring that from the period May 1, 2009 through Spring of 2010, the Plaintiffs were employees of HR Solutions. See also Memorandum in Support of Defendant's Motion to Dismiss [Document 14].

Although Plaintiffs "deny being employed by HR Solutions," Memorandum in Support of Plaintiffs' Response to Defendant's Motion to Dismiss [Document 18-1], at 1, Plaintiffs nevertheless moved to amend their Amended Complaint "out of [an] abundance of caution, and based solely on a representations [sic] made by the 'Baird' Defendants." Id. at 2. Plaintiffs filed their Second Amended Complaint [Document 24], naming HR Solutions as co-Defendant, on December 21, 2010.

On May 20, 2011, HR Solutions filed a Crossclaim for Indemnity and Breach of Contract [Document 61] against the Baird Defendants. HR Solutions attached as Exhibit 1 to its Crossclaim the Professional Employer Organization Agreement (the "PEO Agreement") entered into by the Baird Defendants and HR Solutions effective May 1, 2009. See id. Ex. 1. In their Answer to HR Solutions' Crossclaim, the Baird Defendants admitted that they and HR Solutions entered into the PEO Agreement effective May 1, 2009 and that the copy attached to the Crossclaim was a true and correct copy of the PEO Agreement. Defendants' Answer to

Crossclaim [Document 74] at ¶ 5. For the convenience of the Court, a copy of the PEO Agreement identical to the one that was attached to HR Solutions' Crossclaim is attached hereto as Exhibit 1.

Along with their Answer to HR Solutions' Crossclaim, the Baird Defendants filed a Counterclaim [Document 74] against HR Solutions. HR Solutions challenges the claims set forth in the Counterclaim pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

### Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), the Baird Counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). Where a Counterclaim "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Although for the purposes of a motion to dismiss the Court must accept all *factual* allegations in the Counterclaim as true, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1949-50 (quoting Twombly, 550 U.S. at 555).

Fed. R. Civ. P. 12(f) provides that, upon motion, the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The Court has "discretion in determining whether to grant a motion to strike." Starnes Family Office, LLC v. McCullar, 765

F. Supp. 2d 1036, 1047 (W.D. Tenn. 2011) (citing <u>Seay v. Tenn. Valley Auth.</u>, 339 F.3d 454, 480 (6th Cir. 2003)). "A motion to strike may be granted if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." <u>Id.</u> (citation omitted).

Material in a pleading "is said to be impertinent, for purposes of Rule 12(f), if it consists of statements that do not pertain, and are not necessary, to the issues in question." <u>Garland v. Wal-Mart Stores, Inc.</u>, 2009 WL 3241701 (W.D. Tenn. 2009) at *1 (citing Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1382). Motions to strike on the grounds that the material is impertinent or immaterial should be granted where the material to be stricken "has no possible relation to the controversy and may cause significant prejudice to one of the parties." <u>Id.</u>; <u>see</u> <u>also</u> <u>FDIC v. Berry</u>, 659 F. Supp. 1475, 1479 (E.D. Tenn. 1987) (motion to strike defenses should be granted as immaterial where "they have no essential or important relationship to the claim for relief or the defenses being pleaded or are impertinent in that the matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (quotations and citations omitted).

"Pleadings containing unnecessary allegations, conclusions, or evidence beyond a 'short and plain statement' of the grounds for relief may be challenged as impertinent by a motion to strike." Moore's Federal Practice (3d ed.) § 12.37[3]. "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).[1]

---

[1] HR Solutions combines its requests for relief pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) pursuant to Fed. R. Civ. P. 12(g)(1), which provides that "[a] motion under this rule may be joined with any other motion allowed by this rule."

4

## Legal Argument

The Court should dismiss and/or strike the claims set forth in the Counterclaim for breach of contract; intentional and/or negligent misrepresentation; violation of the Tennessee Consumer Protection Act; and for declaratory relief as to the enforceability of the personal guaranty signed by Bobby D. Baird. Additionally, the Court should strike Baird's jury demand, as the PEO Agreement executed by the parties contains an unambiguous and enforceable jury waiver. Finally, the Court should strike all allegations in the Counterclaim that are based upon parol evidence contradicting the terms of the PEO Agreement.

### A. **The Court should Dismiss or Strike all Breach of Contract Claims.**

The elements of a breach of contract claim under Tennessee law[2] are (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of contract. BancorpSouth Bank, Inc. v. Hatchel, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006). Interpretation of the contract is a question of law. Pitt v. Tyree Org. Ltd., 90 S.W.3d 244, 252 (Tenn. Ct. App. 2002).

Where a party pleading breach of contract fails to make a showing as to any one element of the claim, the claim is subject to a motion to dismiss. See, e.g., Shirley v. NationStar Mortgage, LLC, No. 2:10-cv-144, 2011 WL 1196787, at * 2 (E.D. Tenn. Mar. 29, 2011) (granting motion to dismiss breach of contract claim where party claiming breach of contract

---

[2] The PEO Agreement is governed by Tennessee law; Paragraph 21 of the PEO Agreement provides that it "shall be governed by and construed in accordance with the laws of the state of Tennessee[.]" Additionally, the Agreement was executed and performed in Tennessee and the parties were and are located in Tennessee. See Glennon v. Dean Witter Reynolds, Inc., 83 F.3d 132, 136 (6th Cir.1996) ("In federal question cases, a District Court entertaining pendent state claims should follow the choice of law rules of the forum state."); Vantage Technology, LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) ("Tennessee follows the rule of lex loci contractus. This rule provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent.")

"did not attach any contractual documents to the Complaint . . . does not point to any specific clause of a contract, and . . . fails to quote any contract language. Essentially, the plaintiff makes a conclusory allegation, with no factual allegations to support the allegation. Moreover, the plaintiff cannot show damages as a result of the alleged breach."). See also Mr. Elec. Corp. v. Khalil, No. 06-2414-CM-GLR, 2011 WL 5900810 (D. Kan. Nov. 23, 2011) (dismissing breach of contract claims that failed to include factual allegations regarding alleged breach beyond bare assertion that party failed to perform because "[a] complaint that fails to include factual allegations for an essential element of the cause of action does not state a claim to relief that is plausible."); Schlief v. Nu-Source, Inc., No. 10-4477, 2011 WL 1560672, at *4 (D. Minn. Apr. 25, 2011) (dismissing counterclaim for breach of a contract's confidentiality provision where claim alleged only that counter-defendant breached that provision by "misappropriating and using Defendants' trade secrets and confidential information to start a competing business," because "[a]t a minimum, [counterclaim] must plead facts identifying the type of . . . confidential information that it alleges was copied"); Cincinnati Ins. Co. v. Cost Co., No. 5:10CV7, 2010 WL 1902995, at *3 (dismissing breach of contract claim where plaintiff failed to attach contract or identify what provisions of the contract were breached); Paek v. Plaza Home Mortg, Inc., No. CV 09-1729 CAS, 2009 WL 1668576, at *2 (C.D. Cal. 2009) (dismissing breach of contract claim where plaintiffs alleged only that defendant bank "breached the agreement by, among other things, failing to calculate and charge an interest rate based on the Index agreed to. . . . Plaintiffs fail to identify which bank breached which agreement or any details regarding the alleged miscalculation. These allegations are inadequate to 'raise a right to relief above the speculative level.'") (citing Twombly, 127 S. Ct. at 1965).

6

The Counterclaim appears to assert several breach of contract claims against HR Solutions for Breach of the PEO Agreement by allegedly violating the FLSA, allegedly failing to ensure compliance with the Immigration Reform and Control Act of 1986 (IRCA), allegedly failing to properly administer workers' compensation claims, allegedly failing and refusing to submit to arbitration, allegedly failing to cooperate with the Baird Defendants in defending the Plaintiffs' action, and allegedly violating the duty of good faith and fair dealing. As explained below, each of these allegations fails on its face.

1. **The Court should dismiss the claims for breach of contract based upon HR Solutions' alleged violation of the FLSA because the claims are based on allegations that contradict the face of the PEO Agreement and, in any event, do not include an allegation of damages resulting from the alleged breach.**

The Counterclaim requests damages for alleged breach of contract allegedly resulting from HR Solutions' alleged violation of the FLSA. See ¶ (b) of demand for relief (Counterclaim at 28). The Counterclaim alleges that HR Solutions "assumed exclusive responsibility" for "compliance with the Fair Labor Standards Act." Counterclaim ¶¶ at 4, 5; see also id. at ¶ 15 and ¶(g) of the demand for relief (alleging that HR Solutions "assumed exclusive responsibility for compliance with the [FLSA])."

The Counterclaim further alleges that HR Solutions "breached the PEO Agreement by failing and refusing to provide expertise and guidance for compliance with the Fair Labor Standards Act." Counterclaim at ¶ 6. The demand for relief states that "HR Solution[s], by violating the Fair Labor Standard [sic] Act (FLSA) as alleged by the Plaintiffs in their complaint . . . breached the PEO Agreement and otherwise violated the contractual obligations of good faith and fair dealing[.]" Demand at ¶ (b).

Finally, the Counterclaim does not allege any damages flowing from the HR Solutions' alleged violation of the FLSA. For the following reasons, the Court should dismiss these claims.

7

First, it is abundantly clear from the face of the PEO Agreement that HR Solutions did not "assume exclusive responsibility" for compliance with the FLSA. [3] The PEO Agreement provides that Baird Tree Company's duties under the PEO Agreement were to:

- "[D]etermine and accurately report to HR Solutions . . . the total number of hours worked by all employees" and "verify such hours and report them in accordance with the requirements of the Fair Labor Standards Act[.]" PEO Agreement ¶ 5.

- "[A]ssume[] full responsibility for the accuracy" of the hours reported. PEO Agreement ¶ 5.

- Be "responsible for and hereby agree[] to comply with . . . the FLSA[.]" PEO Agreement ¶ 8(b).

Additionally, the PEO Agreement required Baird Tree Company to "remain in compliance with any license, regulatory, statutory or other legal requirement." PEO Agreement ¶ 2(e).

_____

[3] Where, as here, the parties do not dispute the authenticity of the PEO Agreement or the fact that the parties entered into the PEO Agreement, the court may consider the PEO on a motion to dismiss:

> Even where a document is not formally incorporated by reference or attached to a complaint, the Court may nevertheless consider the document where the document is referred to in the Complaint and is central to Plaintiff's claim. See Greenburg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir.1999) (insurance policies that were attached to motion to dismiss were not matters outside the pleadings); Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir.1997) (pension plan documents attached to motion to dismiss were not matters outside pleading since referenced in complaint and central to claim). The reason for this rule is that "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Weiner, 108 F.3d at 89.

Khan v. Lincoln Ben. Life Co., No. 3:05-0771, 2006 WL 1006804, at *2 (M.D. Tenn. 2006). Here, Baird did not attach the PEO Agreement to its Counterclaim, but the PEO Agreement is certainly "central to" Baird's claims. Also, as explained above, Baird does not dispute the authenticity of the PEO Agreement as already submitted to the Court, attached to HR Solutions' Crossclaim.

The PEO Agreement imposed similar, though more limited duties on HR Solutions. HR Solutions was required to:

- "assume responsibility for paying wages to worksite employees" and collecting and paying payroll taxes. PEO Agreement ¶ 4(a).

- Be "responsible for and hereby agrees to comply with . . . (4) the Fair Labor Standards Act ("FLSA"). PEO Agreement ¶ 8(a).

It is clear from the face of the PEO Agreement that HR Solutions did not assume "exclusive" responsibility for complying with the FLSA as alleged in the Baird Defendants' Counterclaim.

Second, Baird's allegation that HR Solutions breached the PEO Agreement "by failing and refusing to provide expertise and guidance for compliance with" the FLSA also fails on its face because the PEO is silent as to any obligation by HR Solutions to provide any such expertise and guidance to Baird. Baird does not cite to any provision in the PEO agreement requiring such a service and indeed there is none. Under the scope of services provision, ¶4, the PEO Agreement states that HR Solutions "will provide only the services set forth herein and will not provide any other services[.]" Additionally, the integration clause at the conclusion of the PEO Agreement provides:

**37. Entire Agreement**

This Agreement constitutes the entire agreement between the parties with regard to this subject matter and supersedes any and all agreements, whether oral or written between the parties with respect to its subject matter. Client acknowledges that it has not been induced to enter into this Agreement by any representation or warranty not set forth in this Agreement including but not limited to any statement made by an employee or marketing agent of HR Solutions of America LLC. Client acknowledges that HR Solutions of America LLC has made no representation that HR Solutions of America LLC's services will improve the performance of Client's business.

PEO Agreement ¶ 37. Pursuant to the integration clause, any representations that HR Solutions allegedly made to Baird prior to execution of the PEO Agreement would be inadmissible parol evidence. See, e.g., Cecil Corley Motor Co., Inc. v. General Motors Corp., 380 F.Supp. 819, 829 (M.D. Tenn. 1974) ("in Tennessee the parol evidence rule is a rule of substantive law, which clearly prevents the introduction of parol evidence that would contradict the terms of a written contract.") (citations omitted). As such the alleged representations cannot form the basis for a breach of contract claim. See Shoney's Inc. v. Morris, 100 F. Supp. 2d 769, 778-779 (M.D. Tenn. 1999) (parol evidence as to alleged representations made to franchisee precluded by franchise agreement's integration clause); Advisory Info & Mgmt. Sys., Inc. v. Prime Computer, Inc., 598 F. Supp. 76, 87 (M.D. Tenn. 1984) (parol evidence would be inadmissible to support breach of contract claim where contract contained integration clause). Thus, Baird's allegation that HR Solutions breached the PEO Agreement by doing something that it was not bound by the Agreement to do must fail on its face.

Finally, Baird also alleges that HR Solutions breached the PEO Agreement by allegedly violating the FLSA as alleged by the Plaintiffs in their Complaint. Even if Baird has standing to raise this claim based upon allegations made by the Plaintiffs, which HR Solutions submits it does not, this claim must likewise fail because Baird has not alleged with any specificity exactly what HR Solutions did that violated the FLSA. Moreover, Baird has not alleged any damages flowing from HR Solutions' alleged breach of contract as to the FLSA. "Merely claiming to have suffered damages, without more, epitomizes conclusory pleading." Eichholz v. Wells Fargo Bank, No. 10-cv-13622 2011 WL5375375, at *5 (E.D. Mich. Nov. 7, 2011) (citing Twombly, 550 U.S. at 555). In sum, the breach of contract claim as to the FLSA should be dismissed.

2. **The Court should Strike the claims for breach of contract based upon HR Solutions' alleged failure to comply with the Immigration Reform and Control Act of 1986.**

The Counterclaim alleges that HR Solutions "failed to comply with Section 1324(a)(b) of the Immigration Reform and Control Act of 1986 [hereafter, "IRCA"] and failed to utilize its expertise and guidance for the benefit of" Baird Tree Company. Counterclaim ¶ 6. The Counterclaim further alleges that Baird "has reason to believe that the Plaintiffs are not legal residents of the State of Tennessee and of the United States of America, and otherwise lack proper immigration status." Id.

The Court has already rejected Baird's attempt to inject the Plaintiff's immigration status into the matter before it. In Magistrate Judge Guyton's Order of June 9, 2011 [Document 65], addressing the Plaintiffs' Motion for a Protective Order shielding them from replying to discovery responses relating to their immigration status, the Court found that the Plaintiffs' immigration status "is not relevant to their claims, and therefore, the Plaintiffs will not be required to respond to discovery relating to their immigration status." Order at p. 8. HR Solutions submits that Baird's allegations regarding the Plaintiffs' immigration status is an attempt to perform an end-run around the Court's previous ruling that the Plaintiffs will not be required to disclose their immigration status unless they amend their Complaint to seek relief where their immigration status would be relevant. As such, the allegations should be stricken as impertinent under Fed. R. Civ. P. 12(f).

Moreover, as with the FLSA claim, Baird does not allege any damages resulting from HR Solutions' alleged violation of IRCA. See Counterclaim ¶ 6; Demand for Relief, Counterclaim ¶ (c). As in Shirley and the other cases cited in Part A above, Baird "makes a conclusory allegation, with no factual allegations to support the allegation. Moreover, [Baird] cannot show

damages as a result of the alleged breach."). <u>Shirley</u>, 2011 WL 1196787, at * 2 (E.D. Tenn. Mar. 29, 2011). Therefore, in the alternative, HR Solutions requests that the Court dismiss the claim in its entirety for failing to state a claim.

### 3. The Court should dismiss the claims for breach of contract based upon HR Solutions' alleged failure to "properly administer workers' compensation claims."

The PEO Agreement provided that HR Solutions would "procure and maintain workers' compensation insurance coverage" for Baird Tree Company's employees. PEO Agreement, ¶ 4(b). The Counterclaim alleges that HR Solutions breached the PEO agreement by billing Baird "for disability benefits . . . which [HR Solutions] should have otherwise paid." Counterclaim ¶ 6; <u>see</u> <u>also</u> ¶ 20. Like Baird's other breach of contract claims, this is not a sufficient allegation to withstand a motion to dismiss. The Counterclaim does not allege when disability benefits were allegedly not paid, or as to which employee(s) such benefits were allegedly not paid. The Counterclaim likewise omits any dollar amounts. Similarly, Baird alleges only that Baird Tree Company "suffered monetary losses as a result of [HR Solutions'] failure to properly administer workers' compensation claims."

Again, these conclusory allegations are insufficient to state any claim for breach of contract as to HR Solutions' obligations to provide workers' compensation insurance to Baird Tree Company because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. <u>Iqbal</u>, 129 S.Ct. at 1949. Thus, "[a] complaint that fails to include factual allegations for an essential element of the cause of action does not state a claim to relief that is plausible."); <u>Schlief</u>, 2011 WL 1560672, at *4 Because Baird does not allege facts *showing* that HR Solutions breached an obligation to Baird

Tree Company and that it was thereby damaged, Baird does not allege a claim for relief that is plausible on its face.

    **4.   The Court should dismiss the breach of contract claim based upon HR Solutions' alleged refusal to arbitrate, because damages in contract are not the appropriate remedy for an alleged refusal to arbitrate.**

Paragraph 22 of the PEO Agreement provides:

> If there is a dispute between the parties concerning any aspect of their relationship or this Agreement, either party to such dispute may elect to arbitrate the dispute by serving written notice upon the other. Once a party elects arbitration, such election is binding on both parties[.]

Paragraph 11 of the Counterclaim alleges that the Baird Defendants "by and through attorney, properly and effectively made and communicated an election to arbitrate in accordance with the PEO Agreement," but that HR Solutions allegedly "failed and refused to submit to arbitration, thereby intentionally breaching the PEO Agreement."

Even assuming that Baird's allegation is true, which HR Solutions denies,[4] Baird has waived its right to arbitrate by acting inconsistently with its right to arbitration. See, e.g., Southern Sys., Inc. v. Torrid Oven Ltd., 105 F. Supp. 2d 848, 854 (W.D. Tenn. 2000). The appropriate remedy for a party's failure to arbitrate is to seek a stay of the proceedings and an order compelling arbitration. See id. at 849-50. Here, Baird never communicated with HR Solutions prior to filing its motion forcing the Plaintiffs to add HR Solutions as a party or face dismissal of their lawsuit.

After being served with HR Solutions' Crossclaim on May 20, 2011 Baird did not make any objection based on the arbitration clause and made no motion to compel arbitration.

---

[4] The Counterclaim does not state with any specificity when or how the election to arbitrate was communicated to HR Solutions, and indeed HR Solutions avers that no such election was ever communicated to HR Solutions, whether in writing as required by the PEO Agreement or otherwise.

13

Moreover, Baird did not move for a stay to compel arbitration in response to the Crossclaim; instead, Baird answered it on the merits and filed its Counterclaim. In short, the Baird Defendants' conduct has been wholly inconsistent with the right to arbitrate, as well as with their alleged desire to arbitrate. See Southern Sys., 105 F. Supp. 2d at 856 (holding that party had waived right to arbitration where "defendant's approach to the conduct of this litigation is so inconsistent with the right to arbitration as to constitute a waiver of that right.") (quotation and citation omitted)). The court should therefore hold not only that the Baird Defendants cannot bring a breach of contract claim based upon an alleged failure of HR Solutions to arbitrate, but that the Baird Defendants have waived any right to arbitration.[5]

**5. The Court should dismiss the breach of contract claim based upon HR Solutions' alleged failure to cooperate with the Baird Defendants as to the Plaintiffs' claims.**

The PEO Agreement provides that in the event that an employee files a lawsuit, Baird and HR Solutions

> shall each cooperate with the other's defense of such [lawsuit]. . . . However, neither party shall have the duty to cooperate with the other if the dispute is between the parties themselves, nor shall this provision preclude the raising of cross claims or third party claims . . . .

PEO Agreement ¶ 23. The Counterclaim alleges that HR Solutions breached this provision of the PEO Agreement by failing to cooperate with Baird's defense of Plaintiffs' claims. However, even if HR Solutions breached the PEO Agreement by failing to cooperate with Baird, which is denied, Baird cannot recover for breach of this provision where it breached the provision first.

---

[5] The PEO Agreement provided that arbitration would be governed by the FAA. Therefore, federal substantive law applies in deciding this issue. See Southern Sys., 105 F. Supp. 2d at 850, n.2 ("The issue of arbitrability under the United States Arbitration act is a matter of federal substantive law.") (citations omitted).

"It is well accepted that '[a] party who has materially breached a contract is not entitled to damages stemming from the other party's later material breach of the same contract.'" Patterson v. Methodist Healthcare-Memphis Hosps., No. W2008-02614-COA-R3-CV, 2010 WL 363314, at *4 (Tenn. Ct. App. 2010) (quoting McClain v. Kimbrough Constr. Co., 806 S.W.2d 194, 199 (Tenn.Ct.App.1990) (citations omitted)).  The Court considers whether a breach is material in light of the following factors:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Id. (quoting Restatement (Second) of Contracts § 241 (1979)).

Here, the Baird Defendants forced Plaintiffs to add HR Solutions as a co-defendant to the lawsuit by filing their Motion to Dismiss and/or in the Alternative Motion to Compel Joinder of Necessary Party [Document 13].  Plaintiffs added HR Solutions to the lawsuit as a direct result of the Baird Defendants' motion; if not for the motion, HR Solutions would not be part of the lawsuit.  This is hardly in the spirit of cooperation as required by the PEO Agreement.

Moreover, the Baird Defendants did not merely seek to include HR Solutions in the lawsuit for the purposes of forming a joint defense; the Baird Defendants have sought all along to shift the liability for the Plaintiff's claims to HR Solutions.  See Motion to Dismiss / Motion to Compel Joinder of HR Solutions at 1-2 (alleging that during the term of the PEO Agreement the Plaintiffs were not employees of Baird Tree Company but were employees of HR Solutions, and

disclaiming all responsibility for the alleged inaccurate wage payments to Plaintiffs during the term of the PEO Agreement(; <u>see</u> <u>also</u> Affidavit of Baird Tree Company manager Gene Bruce [Document 27] (averring that HR Solutions, not Baird Tree Company, was the employer of the Plaintiffs during the term of the PEO Agreement and thus responsible for the alleged violations of the FLSA). Bruce Aff. ¶¶ 7-11.

Baird's breach was a material breach because it deprived HR Solutions of the benefit of its bargain. Moreover, it was not in good faith, and there was no likelihood that Baird would or even could cure its breach once HR Solutions was brought into the lawsuit. Therefore, the Court should dismiss the breach of contract claim based upon HR Solutions' alleged failure to cooperate with defense of Plaintiffs' lawsuit.

### 6. There is no separate cause of action for allegedly violating the duty of good faith and fair dealing.

To the extent the Counterclaim alleges breach of the duty of good faith and fair dealing as separate claims, those claims should be dismissed. "A '[b]reach of the implied covenant of good faith and fair dealing is not an independent basis for relief,' but rather 'may be an element or circumstance of recognized torts, or breaches of contracts.'" <u>Duke v. Browning-Ferris Industries of Tennessee, Inc</u>., No. W2005-00146-COA-R3-CV, 2006 WL 1491547, at *9 (Tenn. Ct. App. 2006) (quoting <u>Solomon v. First Nat'l Bank</u>, 774 S.W.2d 935, 945 (Tenn.Ct.App.1989)); <u>see</u> <u>also</u> <u>Lyons v. Farmers Ins. Exchange</u>, 26 S.W.3d 888, 894 (Tenn. Ct. App. 2000) ("As to [plaintiff's] cause of action designated 'breach of covenant of good faith and fair dealings,' this is not a cause of action in and of itself but as a part of a breach of contract cause of action.").

HR Solutions denies that it breached the duty of good faith and fair dealings. But to the extent that the Counterclaim states any alleged breaches as independent claims for relief, the claims should be dismissed.

**B. The Claims for "Intentional / Negligent Misrepresentation" Should be Dismissed because they are not Pled with Sufficient Particularity**

The Counterclaim alleges in several places that HR Solutions is "guilty of Intentional and/or Negligent misrepresentation." See Counterclaim ¶¶ 6, 7, Demand for Relief ¶¶ (b), (c), (f). Both the intentional misrepresentation and the negligent misrepresentation claims should be dismissed.

First, a claim for intentional misrepresentation "is analyzed as a claim for fraud under Tennessee law." Power & Tel. Supply Co. v. SunTrust Banks, Inc., 447 F.3d 923, 931 (6th Cir. 2006) (citing Shahrdar v. Global Hous., Inc., 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998)). Pursuant to Fed. R. Civ. P. 9(b), therefore, "it must be stated with particularity, and the plaintiff must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." Id. Here, the Counterclaim does not meet the heightened pleading requirements to state a claim for intentional misrepresentation. The Counterclaim is devoid of allegations as to the time and place of the alleged misrepresentations, and contains only the most general hint of the alleged content of the alleged misrepresentations. Likewise, the Counterclaim does not state what HR Solutions' alleged "fraudulent scheme" was and does not allege any injury resulting from the alleged fraud. These claims should therefore be dismissed.

Second, a claim for negligent misrepresentation, while not subject to Rule 9(b)'s heightened pleading requirements, is nevertheless subject to the pleading requirements set forth in Twombly and Iqbal. The elements of a claim for negligent misrepresentation are "that the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information; and the plaintiffs justifiably relied on the information." Walker v. Sunrise Pontiac GMC Truck, Inc., 249 S.W.3d

301, 311 (Tenn. 2008) (citations omitted). "[T]he burden is upon the plaintiff to show that its reliance upon any statements defendant may have made was reasonable." McNeil v. Nofal, 185 S.W.3d 402, 409 (Tenn. Ct. App. 2005). As with the other allegations in the Counterclaim, the allegations as to negligent misrepresentation fail to state a claim. The Counterclaim does not sufficiently identify what alleged actions or alleged communications by HR Solutions were allegedly false, were allegedly not communicated with reasonable care, and were allegedly relied upon by Baird to its detriment.

Baird offers only conclusory statements that HR Solutions allegedly made representations to it regarding services that it would provide during the term of the PEO Agreement, such as "becom[ing] responsible for the administration of all employee administrative issues," and providing "guidance on government compliance reporting" and FLSA audit training, PEO Agreement ¶ 4; see also PEO Agreement ¶5 (HR Solutions allegedly would assume "exclusive responsibility" for FLSA compliance); ¶ 6 (HR Solutions allegedly would "ensure compliance with" the FLSA); ¶¶ 7, 8, 14 (similar). However, as explained above, the parol evidence rule bars the introduction of oral representations to vary the terms of the written PEO Agreement. Lyons, 26 S.W.3d at 892-93 (affirming dismissal of intentional and negligent misrepresentation claims based upon alleged oral representations inconsistent with contract because parol evidence rule barred admission of statements: "the allowance of defenses based on oral statements clearly inconsistent with the written instrument sued upon would appear to be a radical departure from long established and accepted rules of law and would defeat the very purpose of committing agreements to writing") (quotation and citation omitted); see also Guesthouse Int'l Franchise Sys., Inc. v. British American Properties MacArthur Inn, LLC, No. 3:07-0814, 2009 WL 278214, at *7 (M.D. Tenn. 2009) (granting motion to dismiss counterclaim for fraudulent inducement to

contract where counter-plaintiff sought to introduce oral representations that contradicted the written terms of the agreement, and stating that the rule in Tennessee is that "'proof of fraud in the inducement or promissory fraud is limited to subject matter which does not contradict or vary the terms that are plainly expressed in the written contract.'") (citing <u>Burton v. Hardwood Pallets, Inc.</u>, No. E2003-01439-COA-R3-CV, 2004 WL 572350, at *2 (Tenn. Ct. App. 2004). In sum, these claims should also be dismissed.

### C. <u>The Claim for Violation of the Tennessee Consumer Protection Act Should be Dismissed because it is Not Sufficiently Pled, is Time-Barred and is Based Upon Allegations that Contradict the Face of the PEO Agreement.</u>

The Counterclaim alleges that HR Solutions violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq. ("TCPA"), in that HR Solutions allegedly "induce[d]" Baird into the PEO Agreement, "knowingly took a sizable amount of money from" Baird, and made representations to Baird as to the services it would provide, "with actual awareness of the deception." Counterclaim ¶ 8. Similar to Baird's other claims, there is no allegation of precisely what conduct by HR Solutions was unfair or deceptive and no allegation of damages caused by the alleged violation.

In any event, any such claim is time-barred. Tenn. Code Ann. § 47-18-110 provides that any private action under the TCPA must be commenced "within one (1) year from a person's discovery of the unlawful act or practice." Here, Baird claims violation of the TCPA "in connection with the inducement to enter into a PEO Agreement." The damage alleged appears to be an alleged failure to maintain full control of the employees and ensure compliance with the FLSA and IRCA. The PEO was entered into effective May 1, 2009 and terminated May 7, 2010. The Plaintiffs filed their lawsuit on July 19, 2010 and Baird filed a motion to dismiss and/or to compel joinder of HR Solutions on September 14, 2010, more than one year before filing the

Counterclaim on November 9, 2011. The Motion to compel joinder alleged that HR Solutions was the employer of the Plaintiffs and averred that HR Solutions was responsible for any alleged violation—essentially the basis for the TCPA claim. As such, the TCPA claim is time-barred as a matter of law.

Finally, the PEO Agreement plainly states, in the final paragraph before the signature block, that Baird "acknowledges that it has not been induced to enter into this Agreement by any representation or warranty not set forth in this Agreement including but not limited to any statement made by an employee or marketing agent of HR Solutions of America LLC." PEO Agreement ¶ 37. Baird Tree Company cannot show, in contradiction to the plain language of the Agreement, that it was induced to enter into the Agreement by representations outside the Agreement.

    **D. The Court should Dismiss the Claim for Declaratory Relief as to the Enforceability of the Guaranty Provision in the PEO Agreement.**

A guaranty is analyzed under the same contract principles as any other agreement. See Hardeman County Bank v. Stallings, 917 S.W.2d 695, 699 (Tenn. Ct. App. 1996) (construing guaranty according to contract principles). Thus, the interpretation of a guaranty "is a question of law for the courts and [the court is] to interpret them as written. This is true even though the agreement may contain terms thought harsh or unjust." Id. (citations omitted) (enforcing waiver of statute of limitations contained in personal guaranty).

Guaranties are generally construed against the guarantor because "guarantors are not favored under [Tennessee] law." Galleria Assocs., L.P. v. Mogk, III, 34 S.W.3d 874, 876 (Tenn. Ct. App. 2000). Thus, "a guarantor in a commercial transaction is to be held to the full extent of his engagements and the words of the guaranty will be taken as strongly against the guarantor as the sense will admit." Id. In Galleria Associates, for example, the court enforced a guaranty to

pay rent for retail space. The court rejected the contention that the guaranty lacked consideration where it provided that it was signed "in consideration of the foregoing lease." Id. at 876. The court further held that the guaranty's requirement that the guarantors be responsible for the full three-year term of the lease was enforceable on its face. Id. at 877.

Here, the Guaranty provided that the Guarantor, Bobby Baird, "agrees that he is a direct beneficiary of the PEO Agreement" and that he "understands that [HR Solutions] would be unwilling to enter into or continue this Agreement without this Guaranty being executed[.]" PEO Agreement ¶ 31. Detrimental reliance by the creditor on the promise of the guarantor is sufficient consideration to support the guaranty. Galleria Associates, 34 S.W.3d at 876.

Like the guaranties in Hardeman County Bank and Galleria Associates, the Guaranty in the PEO Agreement is clear on its face. It provides that the guarantor "agrees that in the event [Baird Tree Company] has not fully complied with all of its obligations under this PEO Agreement, including indemnification, then Guarantor will upon demand" make "all payments not made by [Baird Tree Company] and will perform all unfilled obligations of [Baird Tree Company]." PEO Agreement ¶ 31. In sum, the Guaranty "is an absolute and unconditional guarantee of payment and performance." Id. Mr. Baird cannot escape the guaranty by arguing that its terms are "harsh or unjust," Hardeman County Bank, 917 S.W.2d at 699, and offers absolutely no facts to support his assertion that the Guaranty constitutes a contract of adhesion. The claim should therefore be dismissed.

**E. The Court should strike the jury demand from the Counterclaim.**

"A motion to strike a jury demand is properly brought under Rule 12(f)." Starnes Family Office, LLC v. McCullar, 765 F. Supp. 2d 1036, 1055 (W.D. Tenn. 2011). Here, the PEO

Agreement contains a clear and unambiguous jury waiver. Paragraph 21 of the PEO Agreement provides:

> The parties hereby agree: a) not to elect a trial by jury of any issue trialable [sic] of right by a jury; and b) waive any right to trial by jury to the extent that any such right shall not or hereafter exist. This waiver of right to trial by jury is separately given, knowingly and voluntarily, by each of the parties hereto, and this waiver is intended to encompass individually each instance and each issue as to which the right to a jury trial would otherwise accrue. Further, Client [Baird Tree Company] hereby certifies that no representative or agent of HR Solutions of America LLC has represented, expressly or otherwise, that HR Solutions of America LLC will not seek to enforce this waiver of right to jury trial provision.

Parties "may by prior written agreement waive the right to a jury trial," as long as the waiver is knowing and voluntary. K.M.C. Co., Inc. v. Irving Trust Co., 757 F.2d 752, 755-56 (6th Cir. 1985). Here, the waiver was clear and specifically provided that it was given "knowingly and voluntarily." Given that the Baird defendants seek to enforce the PEO Agreement as to HR Solutions, the Baird Defendants certainly cannot avoid the jury waiver.

For example in Starnes Family Office, the defendant disputed that he was liable for paying his share of two promissory notes executed by the parties. 765 F. Supp. 2d at 1044. The promissory notes contained a jury waiver, providing that the parties "waive the right to any jury trial in any action, proceeding, or counterclaim brought by [either] against the other." Id. at 1056. The defendant sought to avoid the jury waiver by including a jury demand in his Answer. See id. at 1055-56. The court granted the plaintiff's motion to strike the jury demand because the defendant "does not contest the fact that he executed the [promissory] Notes. He is presumed under Tennessee law to know their contents." Id. at 1056. Just so here, Baird Tree Company through Bobby Baird acknowledges that it executed the PEO Agreement. Defendants are therefore presumed to know its contents and are bound by the jury waiver.

**F.**     **The Court should Strike all Allegations in the Counterclaim that are Based Upon Parol Evidence**

Throughout the Counterclaim, Baird makes assertions as to what services HR Solutions promised to provide that contradict the terms of the PEO Agreement and therefore constitute inadmissible parol evidence.    <u>See</u>, <u>e.g.</u>, Counterclaim ¶ 4 (alleging that HR Solutions "represented to . . . Baird Tree Company, Inc., that [HR Solutions' would become responsible for the administration of all employee administrative issues, that Baird Tree Company, Inc. would be given guidance on government compliance reporting, as well as [FLSA] audit training, and would keep Baird Tree Company, Inc. abreast of changes in work-related laws and regulations to help Baird Tree Company, Inc. stay legal through its assistance."); <u>see also</u> <u>id.</u> at ¶¶5, 6, 7, 8, 14.

As argued in Part A(1) above with respect to the breach of contract claims, the integration clause shows that the parties did not intend for any discussions or representations outside the four corners of the Agreement to be binding upon the parties. Additionally, as argued in Part B above, Baird cannot rely on oral statements that vary the terms of the written PEO Agreement to support its claims for intentional or negligent misrepresentation.  <u>Lyons</u>, 26 S.W.3d at 892-93; <u>Guesthouse Int'l Franchise Sys.</u>, 2009 WL 278214, at *7 <u>Burton</u>, 2004 WL 572350, at *2  Even if HR Solutions made representations to Baird that are contradicted by the Agreement, which is denied, any such representations are superseded by the PEO Agreement.  Moreover, these allegations are the type of "[u]nnecessary prolixity in a pleading" which "places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  <u>Salahuddin</u>, 861 F.2d at 42 (quotation and citation omitted).

Therefore, HR Solutions respectfully requests that the Court strike from the Counterclaim all allegations that allege representations by HR Solutions that are inconsistent with the plain terms of the PEO Agreement.

<u>Conclusion</u>

Wherefore, for the foregoing reasons, Defendant HR Solutions, Inc., respectfully requests that the Court grant its Motion to Dismiss / Motion to Strike and further respectfully requests that the Court order the Baird Defendants to withdraw and/or refile their Counterclaim accordingly.

Respectfully submitted this the 30th day of November, 2011,

/s/G. Gerard Jabaley

G. Gerard Jabaley, BPR # 012677
Rebecca B. Murray, BPR #011622
Catherine E. Shuck, BPR #023361
Attorneys for Defendant HR Solutions of America, LLC
WIMBERLY LAWSON WRIGHT DAVES & JONES, PLLC
550 Main Avenue, Suite 900
Post Office Box 2231
Knoxville, TN 37901
865 546-1000

<u>CERTIFICATE OF SERVICE</u>

I, G. Gerard Jabaley, hereby certify that on the 30th day of November, 2011, a true and exact copy of the foregoing Motion to Dismiss / Motion to Strike Counterclaim was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by United States mail postage prepaid. Parties may access this filing through the Court's electronic filing system.

/s/G. Gerard Jabaley
G. Gerard Jabaley