IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MARIO ALMANZA, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:10-CV-311 |
| | ) |
| BAIRD TREE SERVICE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion for Summary Judgment" [doc. 72] filed by defendant, HR Solutions of America, LLC ("HR Solutions"). Plaintiffs have not filed a response to the motion. Oral argument is unnecessary, and the motion is ripe for the court's determination.

Plaintiffs have brought suit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* seeking *inter alia* unpaid wages and overtime compensation. HR Solutions has brought this motion for judgment in its favor as to all of plaintiffs' claims on the basis that it is not an employer with the meaning of the FLSA and therefore the complaint against it for violation of the FLSA should be dismissed. For the reasons that follow, the motion will be denied.

I.

*Background*

Plaintiffs filed their original complaint [doc.1] and first amended complaint [doc. 3] against Baird Tree Company, Inc. and Bobby D. Baird ("Baird"). Plaintiffs filed a second amended complaint [doc. 24] in response to Baird's assertion in a motion to dismiss that HR Solutions was the plaintiffs' employer from May 1, 2009, through the spring of 2010. In the second amended complaint, plaintiffs stated "that [HR Solutions] is named in the alternative only, and in response to the Motion to Dismiss filed by Baird Tree Service Company, Inc. and Bobby D. Baird which alleges that this Defendant was employer of the Plaintiffs from May 1, 2009 through spring of 2010." In their memorandum in response to Baird's motion to dismiss, the plaintiffs denied being employed by HR Solutions but filed an amended complaint naming HR Solutions as a defendant "out of [an] abundance of caution, and based solely on a representation made by the 'Baird' Defendants."

HR Solutions and Baird entered into a Professional Employer Organization Agreement ("PEOA" or "Agreement") on April 28, 2009, with an effective date of May 1, 2009. Baird terminated the Agreement on May 7, 2010. The Agreement includes the following relevant provisions.

2

1. DEFINITIONS

. . .

d. "Worksite Employees" shall refer to those individuals that HR Solutions of America LLC shall provide to and for the benefit of [Baird] during the term of this Agreement, as is defined in Code Section 414(n).

. . .

2. CO-EMPLOYMENT RELATIONSHIP

a. The rights and responsibilities of an employer shall be allocated between HR Solutions of America LLC and [Baird] as set forth herein and each of the parties shall be deemed an employer of the worksite employees.

b. HR Solutions of America LLC reserves the right of direction and control over the worksite employees. However, the rights retained by HR Solutions of America LLC herein are not exclusive and, at any time the worksite employees are working under [Baird's] direction and control, [Baird] shall have the concurrent privilege of exercising the same right, subject to the requirements set forth herein.

. . .

f. HR Solutions of America LLC retains the right to hire, fire, discipline and reassign worksite employees.

3. WORKSITE EMPLOYEE STATUS

a. [Baird] understands that no individual hired by [Baird] will become a worksite employee for whom HR Solutions of America LLC will provide services hereunder until HR Solutions of America LLC approves the individual for hire. [Baird] shall submit documentation ("Hiring Packet") to HR Solutions of America LLC for each person ("Applicant") [Baird] wishes to have HR Solutions of America LLC hire and

lease back to [Baird]. . . . HR Solutions of America LLC will not approve any Applicant whose Hiring Packet contains incomplete and/or invalid information. It is understood that if all signatures necessary to complete the Hiring Packet for an Applicant, are not received timely by HR Solutions of America LLC, or if HR Solutions of America LLC determines that an Applicant has submitted invalid documentation, then that Applicant will not become a worksite employee with HR Solutions of America LLC. RESPONSIBILITY AND LIABILITY IS SPECIFICALLY LIMITED AND CONDITIONED UPON THE COMPLETENESS, ACCURACY AND TIMELINESS OF INFORMATION RECEIVED FROM CLIENT.

b. In any circumstances where [Baird] makes a unilateral decision regarding hiring an individual, [Baird] hereby agrees, that no contract of employment, either express or implied, will be found against HR Solutions of America LLC. [Baird] will be held responsible for any such unilateral decisions. [Baird] will indemnify HR Solutions of America LLC for any and all claims, charges or costs HR Solutions of America LLC may incur with respect to such unilateral decision by [Baird].

4. SERVICES

HR Solutions of America LLC will provide only the services set forth herein and will not provide any other services, including but not limited to the making of decisions related to strategic, operational or other matters concerning [Baird's] business. . . .

a. HR Solutions of America LLC shall assume responsibility for paying wages to worksite employees, collecting and paying employment-related taxes (including those pertaining to the Federal Insurance Contributions Act, Federal Unemployment Tax Act, the applicable Income tax withholding, and State Unemployment Insurance).

b. During the term of this Agreement HR Solutions of America LLC agrees to procure and maintain workers' compensation insurance coverage for each worksite employee covered hereunder.

. . .

5. WAGES AND HOURS AND CONTROL

[Baird] agrees that, since it controls the work site, the job training and safety training, the scheduling and supervision of employees, and exercises the day-to-day direction and control over worksite employees, it will determine and accurately report to HR Solutions of America LLC, at the same time that payment information is reported, the total number of hours worked by all employees and their exempt and non-exempt status, and it will verify such hours and report them in accordance with requirements of the Fair Labor Standards Act and/or applicable state or local law. [Baird] assumes full responsibility for the accuracy of such reports and shall maintain such records of hours worked for a period of seven (7) years and shall make such records available to HR Solutions of America LLC upon request. . . .

. . .

9. WORKERS COMPENSATION COVERAGE

a. . . . HR Solutions of America LLC shall not cover any employee with workers' compensation insurance coverage until the date and time that employee was approved for hire by HR Solutions of America LLC. [Baird] understands and agrees no employee is a worksite employee of HR Solutions of America LLC until that employee has completed, and [Baird] has submitted to HR Solutions of America LLC, all documents required for hiring, including a Hiring Packet, and HR Solutions of America LLC has given written approval for such hiring. ...

5

II.

*Standard of Review*

Federal Rule of Civil Procedure 56(a) sets forth the standard for governing summary judgment and provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A).

In this case, the plaintiffs have not submitted a response to HR Solutions's motion for summary judgment. However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). At a minimum, the court must examine the motion and determine whether the movant has met the initial burden of demonstrating the absence of a genuine issue of material fact. *Carver*, 946 F.2d at 455. *See also Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) ("Even if local rules require a non-moving party to respond to a motion within a certain time, the Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a

6

ground that would entitle the moving party to judgment as a matter of law.") (citations omitted)).

III.

*Analysis*

Whether HR Solutions is an employer within the meaning of the FLSA is a question of law. *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995); *see also Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984). However, the relevant facts first have to be established. *Doe v. Cin-Lan, Inc*., No. 4:08-cv-12719, 2009 WL 2568516, at *11 (E.D. Mich. Aug. 18, 2009) ("Once the relevant facts are established, whether a party qualified as an FLSA employer is a legal determination."). "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 965 (6th Cir. 1991. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Dole*, 942 F.2d at 965 (quoting *McLaughlin v. Seafood, Inc*., 867 F.2d 875, 877 (5th Cir. 1989)). "In other words, the employment relationship determination 'is not fixed by labels that parties may attach to their relationship nor by common law categories nor by classifications under other

7

statutes.'" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 555 (6th Cir. 2012) (citing *Powell v. U.S. Cartridge Co.*, 339 U.S. 497, 528 (1950)). "[T]he 'economic reality' of the relationship between a plaintiff and a defendant 'determines whether their relationship is one of employment.'" *Id*. (citing *Solis v. Laurelbrook Sanitarium & Sch. Inc.*, 642 F.3d 518, 522 (6th Cir. 2011)); *see also Dole*, 942 F.2d at 965 ("In deciding whether a party is an employer, 'economic realty' controls rather than common law concepts of agency.").

Application of the "economic reality" standard requires a case-by-case approach in which the courts must "transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case. *Dole*, 942 F.2d at 965; *see also Ellington*, 689 F.3d at 555.

> Relevant factors to consider may include whether the plaintiff is an integral part of the operations of the putative employer; the extent of the plaintiff's economic dependence on the defendant; the defendant's substantial control of the terms and conditions of the work of the plaintiff; the defendant's authority to hire or fire the plaintiff; and whether the defendant maintains the plaintiff's employment record and establishes the rate and method of payment . . . .

*Id*. (internal quotation marks and citations omitted); *see also Larson v. Leading Edge Outstanding, Inc.*, No. 3:08-00446, 2010 WL 1229348, at *8 (M.D. Tenn. Mar. 29, 2010) ("The economic reality test considers the alleged employer's power to hire and fire the person, supervision and control of schedules and conditions of employment, determination of the rate and method of payment and the maintenance of employment records."(citing *Cole*

*Enters.*, 62 F.3d at 778)). No one factor is dispositive in the analysis. *Dole*, 942 F.2d at 965.

In support of its motion for summary judgment, HR Solutions has submitted responses to requests for admission from all plaintiffs, interrogatory responses from eight of the plaintiffs,[1] and the Declaration of Kent Blackwelder, the President of HR Solutions.[2] As referenced above, plaintiffs have offered no response.

Plaintiffs' responses to the request for admission set forth facts concerning what they knew about the circumstances of their employment, i.e., the matters set and controlled by Baird and the lack of contact with HR Solutions. However, the status of the plaintiffs in relation to the PEOA remains an issue.

In its arguments to the court, HR Solutions was quick to point out the provisions that in its opinion make Baird the only responsible employer, its responsibility for verifying and reporting plaintiffs' work hours in accordance with the FLSA. HR Solutions, however, completely failed to mention or address the relevance and application of the provisions set forth above from the PEOA regarding the "Co-Employment Relationship"; HR Solutions's reserved right to direct and control the worksite employees; its retained right to hire, fire, discipline, and reassign the employees; and the hiring approval

---

[1] The interrogatory responses for these eight plaintiffs set out their hiring date, which had not been established in their responses to the requests for admission.

[2] The motion also references as an exhibit a copy of the POEA; however no copy is included. The POEA has been filed elsewhere in the record [doc. 61], and the court has relied on that copy for its discussion herein.

9

requirement and "lease back" arrangement. Further, the PEOA makes clear under the workers compensation section that HR Solutions will not cover any employee with workers compensation insurance until that employee has been approved for hire after submission of all the required documents, including the Hiring Packet. In the requests for admission, drafted by HR Solutions, the plaintiffs admitted to "completing a packet of payroll forms on or about May 2009," the effective date of the PEOA. The court has no way of knowing if this is the "Hiring Packet" referenced in the PEOA.

Mr. Blackwelder's declaration strategically avoids these matters and in fact contradicts them to some degree. His statement that HR Solutions could not have disciplined or fired any of the plaintiffs is contrary to the specific language of the PEOA in which HR Solutions clearly retains the right to fire and discipline the worksite employees. His declaration also avoids any reference to the period of the PEOA. He states that before the Agreement and after the Agreement HR Solutions had no relationship with the plaintiffs or Baird. What is significant, however, is what was the relationship of HR Solutions to the plaintiffs *during* the term of the Agreement. Thus, the relevant facts are not sufficiently established to permit the court to rule as a matter of law whether or not HR Solutions is an employer within the FLSA.

HR Solutions also argues that it would not have any knowledge or expectation that the plaintiffs worked overtime. Pursuant to the PEOA, HR Solutions has the responsibility for paying the wages of the worksite employees. HR Solutions relies on

10

*Larson v. Leading Edge Outstanding, Inc.*, 2010 WL 1229348, which states that "[t]he FLSA defines 'employ' as 'to suffer or permit to work,' which requires actual or constructive knowledge by the employer of the employee's overtime work." *Id*. at *8 (citing 29 U.S.C. § 203(g); *Bjornson v. Daido Metal U.S.A., Inc*., 12 F. Supp. 2d 837, 842 (N.D. Ill. 1998); *accord Davis v. Food Lion*, 792 F.2d 1274, 1276-77 (4th Cir. 1986)). Because Baird was responsible for reporting the hours worked by the plaintiffs and controlled the schedule, HR Solutions argues that it would not know of plaintiffs overtime. Thus, it did not "suffer or permit" plaintiffs to work overtime, and it cannot be liable for the alleged overtime worked by plaintiffs. In support of its claim that it had no knowledge, HR Solutions offers the plaintiffs' responses to the requests for admission in which each plaintiff states that he did not complain to anyone at HR Solutions about not being paid overtime. That may or may not carry the day for HR Solutions.

       Nevertheless, the record as it presently exists does not resolve the question of whether HR Solutions had constructive knowledge of plaintiffs' alleged overtime work. Constructive knowledge is "[k]nowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person." *Black's Law Dictionary* 876 (7th ed. 1999). Based upon HR Solutions's responsibilities under the PEOA and the other relevant provisions of the Agreement, the court concludes that there is at least a question of fact whether HR Solutions had constructive knowledge of any overtime.

11

The relevant facts are not sufficiently established to permit the court to rule as a matter of law that HR Solutions is not an employer within the meaning of the FLSA. The issue of whether HR Solutions at least had constructive knowledge of any overtime by plaintiffs also remains at issue. Therefore, the motion for summary judgment will be denied. An order consistent with this opinion will be entered.

ENTER:

                                        s/ Leon Jordan
                                 United States District Judge