UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARIO ALMANZA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:10-CV-311 |
| ) | (JORDAN/GUYTON) |
| V. ) | |
| ) | |
| BAIRD TREE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. This case came before the Court on February 21, 2013, to address "Defendants' Motion for Plaintiffs' Failure to Make Disclosure or to Cooperate in Discovery and Motion for Sanctions," [Doc. 107]. Attorneys Knight and Looper were present representing the remaining Plaintiff. At the beginning of the hearing, Attorneys Knight and Looper were relieved of their representation in this matter. Attorney Wesley Kliner was substituted as counsel for Plaintiffs Prisciliano Santiago Lopez, Zeferino Castro, and Cesar Peres Valldes-Cedillo. Plaintiff Arturo Alamanza[1] appeared *pro se* at the hearing. Attorney David Dunaway was present representing the Defendants, and a corporate representative was present on behalf of the Defendants.

The Court finds that the "Defendants' Motion for Plaintiffs' Failure to Make Disclosure or to Cooperate in Discovery and Motion for Sanctions," [Doc. 107] is now ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that it be **GRANTED IN PART** and **DENIED IN PART**.

---
[1] Arturo Alamanza also known as Cedillo Almanza. See Memorandum and Order [Doc. 121].

I.   BACKGROUND

This case was filed on July 29, 2010, alleging various violations of the Fair Labor Standards Act. On May 18, 2011, the Court entered a Scheduling Order setting this case for trial on July 9, 2012. [Doc. 60]. On March 1, 2012, the trial of this case was reset to January 28, 2013, due to conflicts on the Court's calendar. [Doc. 83]. On January 4, 2013, the Court cancelled the trial set for January 28, 2013, after finding that the case was not ready for trial. [Doc. 113].

In November or December 2012, the parties scheduled the depositions of the Plaintiffs. These depositions were originally scheduled to take place December 14, 2012, but they were later moved to December 21, 2012. In a letter dated December 5, 2012, Attorney Dunaway, on behalf of the Defendants, wrote: "Based upon [Attorney Looper's] request I have agreed to reschedule the discovery depositions of your clients beginning on Friday, December 21 at 9:30 a.m. at our office." [Doc. 109-1]. Plaintiffs do not dispute that the depositions were set by agreement of counsel.

On December 14, 2012, the parties participated in a mediation at the office of mediator Howard Vogel. Mediation was successful with regard to the majority of the Plaintiffs' claims, but the case was not fully resolved.

On December 21, 2012, counsel and a large number of the Plaintiffs gathered at Attorney Dunaway's office. At least one deposition was taken at that time. In addition, Attorney Dunaway described the monetary settlement reached and confirmed on the record that all Plaintiffs – with the exception of the four persons noted above – agreed to the settlement reached in the case. An interpreter was present to translate for any Plaintiffs who required such assistance.

Because Zeferino Castro, Cesar Peres, Arturo Almanza, and Prisciliano Lopez did not agree to the settlement, Attorney Dunaway attempted to take their depositions on December 21, 2012, using the same interpreter and court reporter that took down the settlement agreement. Plaintiffs Zeferino Castro, Cesar Peres, and Arturo Almanza were not present at the conference and thus did not appear for their depositions on December 21, 2012. Counsel made a record reflecting their failure to attend. [Doc. 109-6]. Prisciliano Lopez was present at the offices of Attorney Dunaway on December 21, 2012. When Mr. Lopez said he did not want to join in the settlement, he was asked to give a deposition. He refused to give deposition testimony. [Doc. 109-6 at 11].

At 3:17 p.m. on December 21, 2012, Attorney Dunaway filed a Stipulation of Dismissal [Doc. 106], in which the parties stipulated "that with the exception of Zeferino Castro, Cesar Peres, Arturo Almanza, and Prisciliano Lopez, [] the Plaintiff's claims against Defendants are dismissed with prejudice pursuant to Fed. R. Civ. P. 41 (a)(1)(ii)."

On December 24, 2012, Defendants filed the instant motion. [Doc. 107].

## II. POSITIONS OF THE PARTIES

Defendants move the Court to impose sanctions against Plaintiffs Zeferino Castro, Cesar Peres, and Arturo Almanza for failing to attend their depositions, despite having notice of the deposition, and against Prisciliano Lopez for refusing to testify after he appeared for his scheduled deposition. [Doc. 107]. Defendants submit that the Plaintiffs have failed to comply with their discovery obligations and have violated both the Scheduling Order and Rule 37 of the Federal Rules of Civil Procedure. Defendants maintain that the Plaintiffs are "playing fast and

3

loose" with the law and standards in federal court. Defendants move the Court to award attorneys' fees and/or expenses and to dismiss these Plaintiffs' claims with prejudice.

Plaintiffs did not file a timely response objecting to the Motion for Sanctions. The Court found, however, that given the procedural posture of this case, it was appropriate to hear Plaintiffs' oral argument in opposition to the relief sought.[2] Plaintiffs assert that their native language is Spanish and that they often must rely on others to interpret documents or conversations for them.[3] The Plaintiffs do not deny that they were given notice of their depositions, but they maintain that they did not understand the role of a deposition and their obligation to provide deposition testimony. Counsel for Prisciliano Lopez submitted that at the time he was asked to give his deposition testimony he thought that giving such testimony would preclude him from presenting live testimony at trial.

### III. ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure instructs: "The court where [an] action is pending may, on motion, order sanctions if a party or party's officer, director, or managing agent . . . fails, after being served with proper notice to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i) (internal punctuation removed).

Rule 37 gives the Court discretion in ordering sanctions under Rule 37, Yagley v. City of Dearborn, 2010 WL 973462, at *1 (E.D. Mich. Mar. 16, 2010), but the Court of Appeals for the

---

[2] At the beginning of the hearing in which the Motion for Sanctions was addressed, the Court granted Attorney Arthur Knight and Patrick Looper's Motion to Withdraw as Counsel. The Court granted Attorney Wesley Kliner's Motion to Substitute Counsel [Doc. 119]. At the time the Motion for Sanctions was heard Attorney Kliner was representing Zeferino Castro, Cesar Peres, and Prisciliano Lopez. Attorney Kliner presented an oral opposition on behalf of these Plaintiffs. Arturo Almanza was proceeding *pro se*.

[3] It should be noted, however, that the Court questioned Plaintiff Almanza at the hearing, and this questioning was accomplished without an interpreter.

Sixth Circuit has deemed dismissal to be a sanction of last resort. Specifically, the Court of Appeals has described dismissal "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Reg'l Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 153–54 (6th Cir.1988).

In determining whether dismissal is appropriate, courts should consider four factors, specifically "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." Phillips v. Cohen, 400 F.3d 388, 402 (6th Cir. 2005).

In this case, Plaintiffs do not dispute that they received proper notice of their depositions. Plaintiffs acknowledge that their failure to give depositions is serious, and they concede that the Defendant's motion is well-taken. Thus, the issue before the Court is whether to exercise its discretion and award sanctions. The Defendants have requested two types of sanctions: monetary sanctions and dismissal of claims.

**A.     Monetary Sanctions**

The Court finds that the request for monetary sanctions is not well-taken. Defendants argue that fees for a court reporter and interpreter were unnecessarily incurred due to the Plaintiffs' failure to attend or cooperate in their depositions.

The Court has reviewed the excerpt of transcript of the proceedings on December 21, 2012, provided by Defendants, entitled "Settlement Agreement, December 21, 2012." During this somewhat hybrid proceeding, the parties took the deposition of a "Mr. Bautista," and then noted that Plaintiff's Zeferino Castro, Cesar Peres, and Arturo Almanza were not present for depositions. Thereafter, Attorney Dunaway announced the settlement agreement to the fifteen Plaintiffs who were present at the time. Attorney Dunaway stated:

5

> [T]he remaining parties who were present, have announced to the court through their counsel that they have had an opportunity to consider this agreement, they've had an opportunity to discuss this matter with their counsel, and everyone here is in agreement. If there is anyone who is not in agreement, I would request that you simply hold up your hand and let us know if there is anyone who is not in agreement with this.

[Doc. 109-6 at 6]. All of the Plaintiffs present at that time, with the exception of Mr. Lopez, agreed to settle this case. Mr. Lopez raised his hand indicating that he did not agree with the settlement; thereafter, he refused to give his deposition. [Doc. 109-6 at 6, 10].

The Court finds that the conference at Attorney Dunaway's office served many functions, and primarily, it was called to announce the settlement on the record. During the period the translator and the court reporter were present they were used to take the deposition of Mr. Bautista. Further, the interpreter was used to facilitate the settlement, and the court reporter was used to memorialize and record the agreement. The Court finds that the Defendants understandably desired a record of their settlement and would have likely employed these services regardless of whether they believed they were to take the depositions of Zeferino Castro, Cesar Peres, Arturo Almanza, and Prisciliano Lopez on December 21, 2012.

Nonetheless, the Court finds that when these depositions are rescheduled for a future date, the Defendant is likely to incur redundant costs, such as the cost of having a court reporter present and having an interpreter present. These costs could have been avoided if these Plaintiffs had provided testimony when a court reporter and interpreter were available on December 21, 2013. Accordingly, the Court **ORDERS** that any Plaintiffs who hereafter give a deposition in this case shall pay the court reporter and interpreter fees that are incurred when said depositions take place.

The Court finds that an award of attorney's fees to the Defendants is not appropriate at this time. It does not appear that the Defendants incurred any additional fees due to the failure of Zeferino Castro, Cesar Peres, Arturo Almanza, and Prisciliano Lopez to provide deposition testimony on December 21, 2013, and as discussed above, the meeting that day served many functions.

Accordingly, the Court finds that the request for an award of fees and expenses is not well-taken. The undersigned will **RECOMMEND** that the request for monetary sanctions be **DENIED**.

**B.     Dismissal of Claims**

*1.     Claims of Zeferino Castro, Cesar Peres, and Arturo Almanza*

Turning first to Zeferino Castro, Cesar Peres, and Arturo Almanza – the Plaintiffs who were not present on December 21, 2012 – the Court finds that dismissal is not appropriate at this juncture.

The Defendant has not demonstrated bad faith on the part of these Plaintiffs. The Court finds that if Zeferino Castro, Cesar Peres, and Arturo Almanza provide deposition testimony in relatively short order, there is little danger of prejudice to the Defendants. At the hearing, counsel for the Defendants stated repeatedly that he believed these Plaintiffs were "attempting to get three bites at the apple," by avoiding discovery. This accusation in part alludes to the three trial dates that have been set in this case. This case's trial date has been reset twice: once because of the Court's calendar and once because of the present issues. This rescheduling does not constitute "three bites at the apple."

In addition, the Court finds that there is no evidence that Zeferino Castro, Cesar Peres, Arturo Almanza, and Prisciliano Lopez had notice of the potential sanction, and there is no

7

history of imposing less drastic sanctions in this case. The Court at this point will **ADMONISH** Zeferino Castro, Cesar Peres, and Arturo Almanza that any additional failure to cooperate in discovery will be considered a violation of Rule 37 of the Federal Rules of Civil Procedure, and will likely result in imposition of the sanctions listed in Rule 37(b)(2)(A), including dismissal, monetary sanctions, or striking of pleadings.

Accordingly, the undersigned finds that the request to dismiss the claims of Zeferino Castro, Cesar Peres, and Arturo Almanza is not well-taken. The undersigned will **RECOMMEND** that this request be **DENIED**.

2.   *Claims of Prisciliano Lopez*

The Court finds that dismissal of the Prisciliano Lopez's claims is appropriate. Mr. Lopez was obligated to give his deposition on December 21, 2012, and he was present and able to do so on that date. The Court finds that Mr. Lopez refused to give a deposition, despite being counseled to do so by his attorney through an interpreter. The Court finds that Mr. Lopez's conduct was willful and in bad faith, and the Court finds that Mr. Lopez had notice of the likely result of his actions through his conversations with counsel. Moreover, the Court finds that lesser sanctions are not an appropriate remedy for Mr. Lopez's actions. After considering all of the factors delineated by the Court of Appeals, the Court finds that the dismissal of his claims is appropriate.

Accordingly, the undersigned finds that the request to dismiss the claims of Prisciliano Lopez is well-taken. The undersigned will **RECOMMEND** that this request be **GRANTED**.

## IV. CONCLUSION

In sum, the undersigned finds that the "Defendants' Motion for Plaintiffs' Failure to Make Disclosure or to Cooperate in Discovery and Motion for Sanctions," **[Doc. 107]** is well-taken in part. For the reasons stated above, the undersigned **RECOMMENDS**[4] that the motion be **GRANTED IN PART** and **DENIED IN PART**.

The undersigned **RECOMMENDS** that the claims of Prisciliano Lopez be **DISMISSED**, and the undersigned **ORDERS** that Plaintiffs Zeferino Castro and Cesar Peres bear the court reporter and interpreter fees to be incurred when they give their depositions.[5]

Respectfully Submitted,

/s H. Bruce Guyton
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

[5] The Court does not include Plaintiff Almanza in this recommendation and order, because on February 22, 2013, he filed a Stipulation of Dismissal of his claims in this case. [Doc. 122].