IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| MARIO ALMANZA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-311 |
| | ) | |
| BAIRD TREE SERVICE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the court for consideration of "Plaintiff Prisciliano Santiago Lopez'[s] Amended Objection to Magistrate Judge's Report and Recommendation" [doc. 126].[1] Defendants have filed a response [doc. 127]. The magistrate judge entered a report and recommendation ("R&R") recommending that "Defendants' Motion for Plaintiffs' Failure to Make Disclosure or to Cooperate in Discovery and Motion for Sanctions" [doc. 107] be granted in part and denied in part [doc. 124]. The magistrate judge recommended that defendants' request for monetary sanctions be denied and that the request for dismissal of the claims of plaintiffs Zeferino Castro, Cesar Peres, and Arturo Almanza also be denied.[2] As to plaintiff Prisciliano Santiago Lopez, however, the magistrate judge recommended that

---

[1] Lopez's amended objection was filed to perfect service on all parties of the filing. The original objection [doc. 125] did not contain a certificate of service.

[2] Arturo Almanza reached a settlement with defendants and his claims have been dismissed [doc. 122]. In addition, the magistrate judge ordered that plaintiffs Zeferino Castro and Cesar Peres bear the cost of the court reporter and interpreter fees when they give their depositions.

defendants' motion be granted and Lopez's claims be dismissed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). The only objection to the R&R that has been raised is the dismissal of Lopez's claims. Thus, the court need only conduct a *de novo* review of that portion of the R&R dismissing the claims of plaintiff Lopez. *See Rush v. City of Mansfield*, 771 F. Supp. 2d 827, 833 (N.D. Ohio 2011) (court only required to conduct a *de novo* review of the portions of an R&R to which the parties have made an objection). Further, "[i]n the absence of specific objections, a court may adopt conclusions reached by the magistrate judge without discussion." *Id*. The court has reviewed the record and applicable law and has conducted a *de novo* review of the objection of plaintiff Lopez to the dismissal of his claims as a sanction for failing to cooperate in discovery. For the reasons that follow, the objection will be overruled.

This civil action was filed on July 29, 2010, seeking relief for various violations of the Fair Labor Standards Act. Pursuant to the court's scheduling order, the case was set for trial on July 9, 2012. That setting was later changed by the court to January 28, 2013, because of scheduling conflicts. On December 14, 2012, the parties engaged in a mediation but were unable to resolve the case on that date.[3] By notice and correspondence

---

[3] The magistrate judge states that the mediation was successful as to a majority of the plaintiffs. In his statement for services addressed to counsel, the mediator expresses his regret "that we were unable to resolve this matter on the occasion of the mediation in my office on December

(continued...)

2

with plaintiffs' counsel, defendants set plaintiffs' depositions for December 21, 2012. An interpreter was present at the depositions. Plaintiffs Zeferino Castro, Cesar Peres, and Arturo Almanza did not appear. Plaintiff Prisciliano Lopez was present at the depositions. After the deposition of at least one plaintiff had been taken, the parties recessed and reached a settlement agreement with the remaining plaintiffs. Defense counsel stated on the record the terms of the monetary agreement that had been reached. Mr. Lopez, however, indicated that he was not in agreement with the settlement. Defense counsel therefore stated on the record that plaintiff Lopez had been noticed for his deposition and that he intended to go forward with taking Lopez's deposition. Mr. Lopez refused to give his deposition. After refusing to proceed with his deposition, Lopez met with his attorney and an interpreter off the record, but he still refused to give his deposition.

Federal Rule of Civil Procedure 37 provides for sanctions when a party, who after being served with notice, fails to appear for a deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The imposition of any sanction is within the discretion of the court. *Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 955 (6th Cir. 2013). "Dismissal is a sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985

---

[3](...continued)
14, 2012." The oversight is not material to the court's findings herein or the court's adoption of the R&R.

3

(6th Cir. 1988)). In assessing the appropriateness of the sanction of dismissal, the court looks to four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Universal Health*, 703 F.3d at 956 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted)).

After considering the record in light of these factors, the magistrate judge found as follows:

> The Court finds that Mr. Lopez refused to give a deposition, despite being counseled to do so by this attorney through an interpreter. The Court finds that Mr. Lopez's conduct was willful and in bad faith, and the Court finds that Mr. Lopez had notice of the likely result of his actions through his conversations with counsel. Moreover, the Court finds that less sanctions are not an appropriate remedy for Mr. Lopez's actions. After considering all the factors delineated by the Court of Appeals, the Court finds that the dismissal of his claims is appropriate.

This court has also considered the record and the factors announced by the Sixth Circuit and agrees with the magistrate judge's findings. Plaintiff's contention that there was a "failure to communicate" at the deposition does not hold up in light of his being represented by competent counsel who communicated with him through an interpreter. There is no showing in the record that Mr. Lopez did not understand the discovery process when he refused to give his noticed deposition, especially since he was counseled to give his deposition by his

4

attorney with the aid of an interpreter.  Thus, the court finds as did the magistrate judge that dismissal of Mr. Lopez's claims is an appropriate sanction for his failure to give his noticed deposition.

Accordingly, "Plaintiff Prisciliano Santiago Lopez'[s] Amended Objection to Magistrate Judge's Report and Recommendation" [doc. 126] is **OVERRULED**.  The court adopts the magistrate judge's R&R [doc. 124] and incorporates it into this ruling. "Defendants' Motion for Plaintiffs' Failure to Make Disclosure or to Cooperate in Discovery and Motion for Sanctions" [doc. 107] is **GRANTED IN PART and DENIED IN PART** as set out in the R&R.   The claims of plaintiff Prisciliano Santiago Lopez are **DISMISSED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge